Timothy J. Vineyard, Sr. (SBN 20587000)
Higier Allen & Lautin, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888
Facsimile: (972) 716-1899
tvineyard@higierallen.com

ATTORNEYS FOR PARK CITIES BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| **Woodmont TCI Group XII, LP** § | | Case No.: **09-34089-SGJ-11** |
| § | | |
| Debtor. § | | Preliminary Hearing Set for |
| § | | August 13, 2009 at 1:30 p.m. |

**PARK CITIES BANK'S
MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Movant Park Cities Bank ("*Park Cities*"), a secured creditor and party-in-interest in the above-referenced bankruptcy proceeding, files its Motion for Limited Relief from Automatic Stay, and in support thereof would show the Court the following:

**THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THE MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and a proceeding to obtain relief from the automatic stay in accordance with Bankruptcy Rules 4001 and 9014 and 11 U.S.C. 362.

### Debtor

2. On or about June 30, 2009, the Debtor TCI Woodmont Group XII, LP ("*Debtor*") filed a voluntary petition under the provisions of Chapter 11 of Title 11 of the United States Bankruptcy Code (the "*Code*").

### Factual Background

3. On or about March 9, 2007, TCI Woodmont Group XII, LP, as borrower, executed a Promissory Note ("*Note*") in the original principal amount of $6,750,000.00, payable to Park Cities. The Note was subsequently modified, extended and renewed.

4. The Note is guaranteed by a Guaranty Agreement executed by Transcontinental Realty Investors, Inc., a Nevada corporation (the "*Guarantor*"). The Note references a Loan Agreement existing by and between the Debtor and Park Cities (the "*Loan Agreement*").

5. The Guarantor is not a debtor in a bankruptcy proceeding.

6. The Note was further secured by a Deed of Trust securing an interest in real property located in the City of Irving, Dallas County, Texas, and as further described therein.

### Relief Requested

7. Park Cities respectfully requests this Court enter an order granting limited relief from the automatic stay to allow Park Cities to accelerate the Note and to send all notices necessary to commence any applicable cure periods under the Note, Loan Agreement and Deed of Trust and to take all legal steps necessary to accelerate and demand payment in full of all amounts owing under the Note, Loan Agreement and Deed of trust, so that Park Cities can enforce the Guaranty and collect payment of the full of all such amounts from the Guarantor. Allowing Park Cities to accelerate the Note will also have the effect of causing post-petition interest on the indebtedness to accrue at the default rate of 18% per annum during the pendency of this case.

8. Park Cities bases its request for relief "for cause," as Park Cities seeks payment in full of all amounts owing to Park Cities under the Note, Loan Agreement and Deed of Trust from the Guarantor.

9. Alternatively, Park Cities requests that this Court award it all relief the Court deems it entitled to, including adequate protection payments, attorneys' fees, and interest payments.

WHEREFORE, PREMISES CONSIDERED, Movant Park Cities Bank requests this Court enter an order granting limited relief from the automatic stay to allow Park Cities to accelerate the Note and to send all notices necessary to commence any applicable cure periods under the Note, Loan Agreement and Deed of Trust and to take all legal steps necessary to accelerate and demand payment in full of all amounts owing under the Note, Loan Agreement and Deed of trust, so that Park Cities can enforce the Guaranty and collect payment of the full of all such amounts from the Guarantor, and for all other relief sought above or that may be granted to Park Cities at law or in equity.

Respectfully submitted,

/s/ Timothy J. Vineyard
Timothy J. Vineyard
State Bar No. 20587000
Kristen Williams Cook
State Bar No. 24035915
HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas 75001
(972) 716-1888 (Telephone)
(972) 716-1899 (Facsimile)

ATTORNEYS FOR PARK CITIES BANK

### CERTIFICATE OF CONFERENCE

I certify that on July 16, 2009, I conferenced with John P. Lewis, Jr., as counsel for the Debtor, regarding the relief requested in the foregoing Motion for Limited Relief from Automatic Stay. Mr. Lewis informed me that he is opposed to this Motion.

/s/ Kristen Williams Cook
Kristen Williams Cook

## CERTIFICATE OF SERVICE

      I hereby certify that on this 16th day of July, 2009, a true and correct copy of the foregoing Motion for Limited Relief from Automatic Stacy was served by either Electronic Case Filing Notification ("ECF") or First Class U.S. Mail, postage pre-paid on the following parties:

Woodmont TCI Group XII, LP
1800 Valley View Lane, Suite 300
Dallas, TX 75234

John P. Lewis, Jr.
Law Office of John P. Lewis, Jr.
1412 Main St. Ste. 210
Dallas, TX 75202

U.S. Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

Laurie Spindler Huffman
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201

                                                                            /s/ *Timothy J. Vineyard*
                                                                                Timothy J. Vineyard