Billy G. Leonard, Jr.
Texas Bar No. 12208100
Attorney at Law
1650 W. Virginia Street, Suite 211
McKinney, Texas 75069-7703
Telephone  (469) 742-0855
Fax  (469) 442-0135
**Attorney for First United Bank and Trust Company**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| WOODMONT TCI GROUP VIII, L.P., § | |
| ET AL.[1] § | CASE NO. 09-34046-HDH-11 |
| § | |
| § | (Jointly Administered) |
| DEBTORS § | |

FIRST UNITED BANK AND TRUST COMPANY'S MOTION FOR RELIEF FROM
AUTOMATIC STAY

**THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 12 DAYS FROM THE SERVICE OF THE MOTION. THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

---

[1] The other Debtors in these cases include TCI Woodmont Group III, LP, Woodmont TCI Group IX, LP, Woodmont TCI Group X, LP, Woodmont TCI Group XI, LP., Woodmont TCI Group XII, LP, Woodmont TCI Group XIII, LP, and Woodmont TCI Group XIV, LP.

**Motion for Relief from Automatic Stay** – Page 1

Comes Now, First United Bank and Trust Company ("First United Bank"), a creditor and party in interest, in the above-styled and numbered case, by and through undersigned counsel, and files this its Motion for Relief from the Automatic Stay and would show the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.
2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).
3. Venue is proper pursuant to 28 U.S.C. § 1409.

### Background

4. First United Bank is a secured lender of the Debtor(s) as follows:

   a. <u>Woodmont TCI Group X, L.P. ("Woodmont X")</u>[2].

   (i) Woodmont X executed that certain Commercial Promissory Note (the "Woodmont X Note") dated November 30, 2006 in the original principal amount of $5,230,000, as such has been renewed and extended. A copy of the Woodmont X Note is attached hereto as Exhibit <u>A</u>.

   (ii) The Woodmont X Note is secured by that certain Commercial Deed of Trust, Security Agreement Financing Statement and Assignment of Rents ("Woodmont X Deed of Trust") likewise dated November 30, 2006 granting First United Bank a lien against, among other things, that certain real property consisting located at 4825 LBJ Freeway in Dallas County, Texas in the City of Farmer's Branch and more particularly described in the Woodmont X Deed of Trust attached hereto as Exhibit <u>B</u>.

---

[2] Debtor in Case No. 09-34084

The Woodmont X Note is also secured by the real property owned by Woodmont XI, which also serves as collateral for the Woodmont XI Note.

(iii) In addition, pursuant to that certain Commercial Guaranty Agreement, Transcontinental Realty Investors, Inc., a copy of which is attached hereto as Exhibit C, guaranteed payment of the Woodmont X Note and related indebtedness.

(b). <u>Woodmont TCI Group XI, LP ("Woodmont XI")</u>[3]

(i) Woodmont XI executed that certain Commercial Promissory Note (the "Woodmont XI Note") dated November 30, 2006 in the original principal amount of $1,475,000, as such has been renewed and extended. A copy of the Woodmont XI Note is attached hereto as Exhibit D.

(ii) The Woodmont XI Note is secured by that certain Commercial Deed of Trust, Security Agreement Financing Statement and Assignment of Rents ("Woodmont XI Deed of Trust") likewise dated November 30, 2006 granting First United Bank a lien against, among other things, that certain real property located Dallas County, Texas in the City of Farmer's Branch and more particularly described in the Woodmont XI Deed of Trust attached hereto as Exhibit E. The Woodmont XI Note is also secured by the real property owned by Woodmont X, which also serves as collateral for the Woodmont X Note.

iii) In addition, pursuant to that certain Commercial Guaranty Agreement, Transcontinental Realty Investors, Inc., a copy of which is attached hereto as Exhibit F, guaranteed payment of the Woodmont XI Note and related indebtedness.

---

[3] Debtor in Case No. 09-34087

**<u>Motion for Relief from Automatic Stay</u> – Page 3**

  (c) <u>Woodmont TCI Group XIII, L.P. ("Woodmont XIII")</u>[4]

  (i) Woodmont XIII executed that certain Commercial Promissory Note (the "Woodmont XIII Note") dated May 17, 2007 in the original principal amount of $5,662,800, as such has been renewed and extended. A copy of the Woodmont XIII Note is attached hereto as Exhibit <u>G</u>.

  (ii) The Woodmont XIII Note is secured by that certain Commercial Deed of Trust, Security Agreement Financing Statement and Assignment of Rents ("Woodmont XIII Deed of Trust") likewise dated May 17, 2007 granting First United Bank a lien against, among other things, that certain real property located Dallas County, Texas in the City of Irving and more particularly described in the Woodmont XIII Deed of Trust attached hereto as Exhibit <u>H</u>.

  (iii) In addition, pursuant to that certain Commercial Guaranty Agreement, Transcontinental Realty Investors, Inc., a copy of which is attached hereto as Exhibit <u>I</u>, guaranteed payment of the Woodmont XIII Note and related indebtedness.

  5. On June 30, 2009, Debtors commenced the bankruptcy proceedings administratively consolidated in the above referenced bankruptcy cause number. As indicated by the Debtors on their respective voluntary petitions, these cases are single asset real estate cases as defined in § 101(51B) of the Bankruptcy Code. Moreover, the properties securing the indebtedness to First United Bank are not income producing properties.

---

[4] Debtor in Case No. 09-34093

6.Debtors are in default under the Woodmont X, Woodmont XI and Woodmont XIII Notes (collectively the "Notes") in that the payments due under the Woodmont X and Woodmont XIII Notes for July and August were not made, and, as to the Woodmont XI Note, the August payment was not made.

**Relief Requested**

7.First United Bank intends to file suit against the Guarantor under the Notes. Accordingly, First United Bank seeks limited relief from the automatic stay of § 362(a) of the Bankruptcy Code to permit First United Bank to take any and all actions necessary to accelerate the indebtedness under the Notes including, but not limited to, any and all notices of default, opportunities to cure, notices of acceleration and demands required under the Notes and the respective Woodmont X, Woodmont XI and Woodmont XIII Deeds of Trust (collectively, the "Deeds of Trust") and any and all other loan documents. By permitting the relief requested herein, First United Bank would be entitled to seek repayment of the entire accelerated debt plus accrued interest and other amounts owed or to be paid under the Notes and Deeds of Trust without the requirement of having to amend its suit(s) against the Guarantor as each monthly payment becomes due and owing. First United Bank seeks relief from the automatic stay, "for cause", in that the Debtor has failed to make any postpetition payments, the properties are not income producing, and First United Bank is seeking to enforce its guaranty against a non-debtor third party.

8.In addition, since the cases commenced by the Debtors relative to the First United Bank indebtedness are single asset real estate cases, First United Bank is entitled to relief from the automatic stay for all purposes, including foreclosure of its liens against the property securing the Notes, if (i) the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable

time, or (ii) the debtor has not commenced monthly payments as specified under § 362(d)(3). See, 11 U.S.C. § 362(d)(3). If, at the time of the hearing hereon, Debtor has not complied with the provisions of § 362(d)(3), First United Bank shall also seek relief from the automatic stay on the grounds specified therein.

9. First United Bank reserves the right to amend, modify and supplement this Motion. Further, nothing contained herein should be considered to be a waiver or relinquishment of any rights or remedies First United Bank has under the Notes, Deeds of Trust, guaranties, loan documents and state or federal law; all such rights being expressly reserved. Moreover, nothing contained herein shall in any way be considered as a waiver of any and all defaults under the Notes, Deeds of Trust, guaranties, and/or loan documents whether such defaults are asserted herein or not.

WHEREFORE, PREMISES CONSIDERED, First United Bank seeks an order of this Court modifying the automatic stay to permit First United Bank to take any and all actions necessary to, and to, accelerate the indebtedness under the Notes, including, but not limited to, any and all notices of default, opportunities to cure, notices of acceleration and demands required under the Notes and the respective Woodmont X, Woodmont XI and Woodmont XIII Deeds of Trust (collectively, the "Deeds of Trust") and any and all other loan documents, or alternatively, should the Debtor not have complied with § 362(d)(3) of the Bankruptcy Code, relief from the automatic stay, and for such other and further relief as may be just and equitable.

September 4, 2009

        Respectfully submitted,

        By: /s/ Billy G. Leonard, Jr.
           BILLY G. LEONARD, JR.
           Texas State Bar No. 12208100
           1650 W. Virginia Street, Suite 211
           (469) 742-0855
           (469) 442-0135 (Facsimile)
        **Attorney for First United Bank and Trust Company**

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on the 3rd day of September, 2009, he spoke with Mr. John Lewis, counsel for the Debtors, regarding the relief requested herein and that Mr. Lewis opposed the relief sought by this motion.

        /s/Billy G. Leonard, Jr.
        BILLY G. LEONARD, JR.

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 4th day of September, 2009, a true and correct copy of the foregoing was served via the Court's electronic notification system (ECF) on those parties who receive notice through the Court ECF system and on the attached service list by first class mail postage prepaid.

        /s/Billy G. Leonard, Jr.
        BILLY G. LEONARD, JR.