Cliff A. Wade
Texas Bar I.D. 24013699
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR AMERICAN BANK OF COMMERCE

THE UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | CASE NO. 09-34046-hdh |
| WOODMONT TCI GROUP VIII, L.P., | § | |
| ET AL.[1] | § | (Jointly Administered) |
| | § | Preliminary Hearing Set for: |
| Debtor. | § | October 27, 2009, at 9:00 a.m. |

## AMERICAN BANK OF COMMERCE'S MOTION FOR RELIEF FROM STAY

### NOTICE

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242 FIFTEEN (15) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

---

[1] The other Debtors in these cases include TCI Woodmont Group III, LP, Woodmont TCI Group IX, LP, Woodmont TCI Group X, LP, Woodmont TCI Group XI, LP., Woodmont TCI Group XII, LP, Woodmont TCI Group XIII, LP, and Woodmont TCI Group XIV, LP.

AMERICAN BANK OF COMMERCE'S MOTION FOR RELIEF FROM STAY                     PAGE 1 OF 10

PURSUANT TO LOCAL RULES 4001(e), EVIDENCE PRESENTED AT PRELIMINARY HEARINGS ON MOTIONS FOR RELIEF FROM STAY SHALL BE BY AFFIDAVIT ONLY AND THAT YOU MUST SERVE EVIDENTIARY AFFIDAVITS AT LEAST FORTY-EIGHT HOURS IN ADVANCE OF SUCH HEARING UPON THE ABOVE-NAMED ATTORNEY AT THE ADDRESS LISTED HEREIN. FAILURE OF ANY ATTORNEY TO ATTEND A SCHEDULED AND NOTICED PRELIMINARY HEARING MAY BE GROUNDS FOR DEFAULT RELIEF REGARDLESS OF THE PRESENCE OR ABSENCE OF AFFIDAVITS.

American Bank of Commerce ("ABC"), a secured creditor herein, files its above-entitled Motion for Relief from Stay (the "Motion"), moving the Court for an order granting relief from the automatic stay against Woodmont TCI Group XIV, LP on the grounds set forth below:

### Jurisdiction

1. This Court has jurisdiction of this Motion by virtue of 11 U.S.C. §§ 103, 361 & 362 and 28 U.S.C. §§ 1334(b) and 157(b).

### Bankruptcy Filing

2. A Voluntary Petition under Chapter 11 of the U.S. Bankruptcy Code was filed on June 30, 2009 (the "Petition Date"), by Woodmont TCI Group XIV, LP[2] ("Debtor").

### Background Facts

3. On or about January 25, 2008, Debtor executed and delivered to ABC a Promissory Note in the original principal amount of $4,095,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit No. 1 and by reference made a part hereof.

---

[2] Debtor in Case No. 09-34094

AMERICAN BANK OF COMMERCE'S MOTION FOR RELIEF FROM STAY                                                                PAGE 2 OF 10

4. The Note is secured by a Deed of Trust, Security Agreement and Assignment of Rents, Leases, Incomes and Agreements dated January 25, 2008 (the "Deed of Trust"), executed by Debtor, that grants ABC a security interest in certain assets of Debtor including, but not limited to, real property as described in Exhibit A of the Deed of Trust (the "Real Property"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit No. 2 and by reference made a part hereof.

5. ABC perfected its interest in the Real Property by filing the Deed of Trust with the County Clerk of the County of Dallas, TX, dated January 28, 2008, Filing No. 20080028560.

6. Debtor has defaulted under the terms of the Note and Deed of Trust. Specifically, before the Petition Date, Debtor failed to make payment for the entire unpaid principal and interest on the Note as properly declared due and payable, and Debtor has not made any post-petition payments to ABC.

7. As of the Petition Date, ABC's claim was due in full in the amount of $4,186,018.84, as shown in Claim No. 3 filed in the Claims Register on September 2, 2009.

8. As stated in Debtor's Voluntary Petition, Debtor is a Single Asset Real Estate Debtor as defined in 11 U.S.C. § 101(51B). Specifically, Debtor's only asset is the Real Property. The Real Property consists of a vacant apartment complex on 3.895 acres of land in North Dallas near the Galleria, IH 635 and the North Dallas Tollway. Debtor's Schedules, filed at Docket No. 15, show the Real Property valued at approximately $5,915,000.00.

9. On September 23, 2009, the City of Dallas (the "City") filed its Complaint Seeking Temporary and Permanent Injunctive Relief and Civil Penalties (the "Complaint") for

adversary proceeding in this Court. The City's Complaint, filed at Docket No. 68, alleges city code violations of such significance that the City is requesting relief to proceed with enforcing provisions of the Dallas City Code, including but not limited to, temporary and permanent injunctive relief ordering Debtor to remedy or repair substandard conditions on the Real Property, or in the alternative to demolish the structures on the Real Property.

## Grounds for Relief

### Relief Pursuant to 11 U.S.C. § 362(d)(1)

10. Pursuant to § 362(d)(1) of the Bankruptcy Code (the "Code"), on request of a party in interest, the court shall grant relief from the stay for cause. Cause is any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process. *Little Creek Dev. Co. v. Commonwealth Mortgage Corp.*, 779 F.2d 1068, 1072 (5th Cir. 1986). Numerous cases have found a lack of good faith to constitute cause for lifting the stay to permit foreclosure. *Id.* Determining whether debtor filed for relief in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities. *Id.* Courts consider a list of non-exclusive factors to find a lack of good faith including: (a) the debtor has one asset; (b) the debtor's single asset is a tract of real property; (c) the secured creditor's lien encumbers the single asset; (d) there are generally no employees except for the principals; (e) little or no cash flow; (f) no available resources of income to sustain a plan of reorganization; (g) there are only a few unsecured creditors whose claims are relatively small; and (h) resort to bankruptcy as a form of last resort. *Id.* at 1072 – 3. Resort to the protection of the bankruptcy laws is not proper under these circumstances because there is no going concern to preserve, no employees

to protect, and no hope of rehabilitation. *Id.* at 1073. Neither the bankruptcy courts nor the creditors should be subjected to the costs and delays of a bankruptcy proceeding under such circumstances. *Id.*

11. Relief from the automatic stay should be granted as to ABC for cause due to Debtor's filing with lack of good faith because Debtor is merely using these bankruptcy proceedings as a delay tactic. Debtor's Schedules show that Debtor's only asset is the Real Property encumbered by ABC's secured lien. Debtor's monthly operating report for August 2009 (the "Report"), filed at Docket No. 65, shows zero cash on hand, zero cash flow, zero payroll disbursements, zero expenses for reorganization, zero amounts for bank reconciliations, and zero post-petition liabilities. The Report is evidence of little or no cash flow, no available resources of income to support a plan of reorganization, and no employees to protect.

12. Further, the City's Motion for any Necessary Relief from the Automatic Stay (the "City's Motion for Relief"), filed at Docket No. 36, establishes that Debtor and the City entered into an agreement on June 23, 2009, for the demolition of the Real Property by July 31, 2009. Additionally, ABC commenced a lawsuit against Debtor in state court in Collin County, Texas, Cause No. 401-02432, on June 23, 2009 for suit on the Note under which Debtor defaulted. As deadlines approached, the Debtor realized that it could not comply with the City's demands nor obtain a successful result in its litigation with ABC. Consequently, Debtor resorted to this bankruptcy as a means of last resort.

13. In addition, Debtor's Schedules list only three creditors holding claims in excess of $10,000, one of which is a limited partner of the Debtor. Debtor's Statement of Financial

Affairs ("SOFA"), filed at Docket No. 16, lists T Copperridge, Inc. (TCI) as a limited partner owning 75 percent of Debtor. Debtor's Schedules list TCI as holding a bifurcated claim in the amount of $3,284,149.64; however, Debtor's total liabilities amount to $7,531,196.56, with ABC holding a secured claim for $4,186,018.84. Together, Debtor's SOFA and Schedules show that ABC is Debtor's only adversarial creditor to which it owes a substantial majority of its scheduled debt.

14. Debtor's Schedules, SOFA, the Report, and the City's Motion for Relief offer proof satisfying every factor described above to show that cause exists under § 362(d)(1). Because Debtor has no intention of reorganizing or accomplishing any constructive result from this bankruptcy, the Court should find that cause exists to grant ABC relief from the automatic stay.

## Relief Pursuant to 11 U.S.C. § 362(d)(2)

15. In the alternative, ABC is entitled to relief from the automatic stay under § 362(d)(2) because Debtor has no equity in the Real Property and it is not necessary for an effective reorganization.

16. "Equity," as used in § 362(d), portends the difference between the value of the subject property and the encumbrances against it. *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir. 1990). As provided in the Claims Register, the Real Property is encumbered with secured claims held by ABC in the amount of $4,186,018.84, TCI in the amount of $1,700,000.00 and Dallas County in the amount of $247,383.53 for outstanding ad valorem

taxes, totaling approximately $6,133,402.37.[3] This amount greatly exceeds the Debtor's scheduled value of the Real Property in the amount of $5,915,000.00.

17. Once the movant under § 362(d)(2) establishes that the debtor has no equity in the collateral, the burden shifts to the debtor to prove the collateral at issue is essential for an effective reorganization that is in prospect. *See U.S. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365, 375 – 6 (1988). In order for there to be an effective reorganization, reorganization itself must be a possibility. *In re Anderson Oaks, L.P.,* 77 B.R. 108, 111 (Bankr. W.D. Tex. 1987). Debtor's Report shows no business activity, zero funds expended on the Real Property's development and no apparent intention to continue doing business. As evidenced in the Report and the City's Complaint, Debtor has done nothing to promote or use the property for its continued operation. The Report further shows Debtor's indifference for reorganization of any kind and its intent to use this bankruptcy to delay ABC's collection rights. Simply, the Real Property cannot be necessary for an effective reorganization of the Debtor when the Debtor has taken no affirmative action toward reorganization. Consequently, ABC is entitled to relief because the Debtor has no equity in the Real Property and the Real Property is not necessary to an effective reorganization of the Debtor.

### Relief Pursuant to 11 U.S.C. § 362(d)(3)

18. Alternatively, pursuant to 11 U.S.C. § 362(d)(3) of the Code, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay with respect to an act against single asset real estate not later than 90 days after the entry of the

---

[3] Please note the total amount of liens against the Real Property does not include additional costs associated with post-petition interest, sale closing costs, marketing costs, attorneys' fees and expenses to repair and/or demolish the structures for compliance with the City's demands.

order for relief if the debtor has not: (A) filed a plan of reorganization that has a reasonable probability of being confirmed within a reasonable time; or (B) commenced monthly payments in an amount equal to interest at the contract rate on the value of the creditor's interest in the real estate.

19.    ABC is entitled to relief from the automatic stay because ABC's claim is secured by a mortgage in the Real Property, and Debtor has failed to file a plan of reorganization with a reasonable probability of being confirmed within a reasonable time or make any post-petition payments to ABC within 90 days after the entry of the order for relief in this case.

### Attorneys' Fees

20.    ABC retained the undersigned counsel to file and pursue the Motion in this Court, and ABC has incurred legal expenses, attorneys' fees, and other costs and expenses, for which Debtor is liable under the terms of the Note and pursuant to the provisions of applicable law.

### Request for Relief

ABC respectfully requests that, upon hearing of this Motion, ABC be granted the following relief:

(A)    that the automatic stay be immediately terminated as to ABC, its successors or assigns, to permit a foreclosure sale of the Real Property and to pursue any additional state law remedies to the exclusion of the Debtor and other creditors;

    (B)    or, in the alternative, that any continuation of the automatic stay be conditioned upon the Debtor furnishing ABC adequate protection, including, but not limited to, payment of the Note, attorneys' fees, costs and expenses;

    (C)    that ABC may immediately enforce and implement its collection rights as to the Real Property and that the Provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not impede the enforcement and implementation of such rights; and

    (D)    that the Court grant such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Cliff Wade*
David M. O'Dens
Texas Bar I.D. 15198100
*odens@settlepou.com*

Cliff A. Wade
Texas Bar I.D. 24013699
*cwade@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR AMERICAN BANK
OF COMMERCE

**Certificate of Conference**

The undersigned certifies that he communicated with Debtor's counsel, John P. Lewis, Jr., on September 30, and October 1, 2009, concerning this Motion. The Debtor is opposed to this Motion.

*/s/ Cliff Wade*
Cliff A. Wade

## Certificate of Service

A true and correct copy of the foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure on October 5, 2009, on the persons/entities identified on the attached service list.

/s/ *Cliff Wade*
Cliff A. Wade

P:\crd\09\7256\bky woodmont\Motion for Relief.doc

David M. O'Dens
Texas Bar I.D. 15198100
Cliff A. Wade
Texas Bar I.D. 24013699
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR AMERICAN BANK OF COMMERCE

THE UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 09-34094-bjh |
| WOODMONT TCI GROUP XIV, LP, | § § | CHAPTER 11 |
| Debtor. | § | |

## SERVICE LIST
(Via U.S. Mail, First Class, Postage Prepaid, Facsimile or Electronically if a Registered ECF User)

| | | |
|---|---|---|
| Woodmont TCI Group, XIV, LP<br>1800 Valley View Lane, Suite 300<br>Dallas, Texas 75243 | John P. Lewis, Jr., Esq.<br>1412 Main Street, Suite 210<br>Dallas, Texas 75202 | U.S. Trustee<br>1100 Commerce Street, Room 976<br>Dallas, Texas 75242 |
| Laurie Spindler Huffman, Esq.<br>Linebarger Goggan Blair &<br>   Sampson, LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, TX 75201 | E. P. Keiffer, Esq.<br>Wright Ginsberg Brusilow P.C.<br>The Elm Place Building<br>1401 Elm Street, Suite 4750<br>Dallas, TX 75202 | Billy G. Leonard, Jr., Esq.<br>Attorney at Law<br>1650 W. Virginia Street, Suite 211<br>McKinney, Texas 75069 |
| Timothy J. Vineyard, Esq.<br>Higier Allen & Lautin, P.C.<br>5057 Keller Springs Rd., Suite 600<br>Addison, Texas 75001-6231 | Elizabeth Banda, Esq.<br>Perdue, Brandon, Fielder, Collins<br>   & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, Texas 76094-0430 | Sharon C. Jett, Esq.<br>Higier Allen & Lautin, PC<br>5057 Keller Springs Rd, Suite 600<br>Addison, Texas 75001 |
| ALN Systems<br>2611 Westgrove Drive, Suite 106<br>Carrollton, Texas 75006 | Beeler Guest Owens<br>4245 N. Central Expy., Ste. 300<br>Dallas, Texas 75205 | Dallas County Appraisal District<br>500 Elm Street<br>Records Building<br>Dallas, Texas 75202 |
| Huitt Zollars, Inc.<br>P.O. Box 191294<br>Dallas, Texas 75219 | Hunton & Williams, LLP<br>1445 Ross Avenue, Suite 3700<br>Dallas, Texas 75202 | National Registered Agents, Inc.<br>P.O. Box 927<br>Princeton Junction, NJ 08550 |

| | |
|---|---|
| Paradigm Tax Group, LLC<br>3030 N. Central Ave., Suite 1001<br>Phoenix, Arizona 85012 | Sawyer Design Associates<br>167 Turtle Creek Boulevard<br>Dallas, Texas 75207 |

P:\crd\09\7256\bky woodmont\service list.mls.doc