

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed December 28, 2009

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| WOODMONT TCI GROUP VIII, L.P., | § | CASE NO. 09-34046-hdh-11 |
| ET Al.[1], | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION
DATED AS OF DECEMBER 21, 2009, FOR WOODMONT TCI GROUP IX, LP,
WOODMONT TCI GROUP X, LP, WOODMONT TCI GROUP XI, LP, WOODMONT
TCI GROUP XIII, LP AND WOODMONT TCI GROUP XIV, LP

On December 21, 2009, the Court conducted a hearing on confirmation and approval of the Debtor's and TCI's First Amended Joint Plan of Reorganization (Dated as of December 21, 2009) (Docket No. 172, the "Amended Joint Plan") filed and submitted by Woodmont TCI Group IX, LP, Woodmont TCI Group X, LP, Woodmont TCI Group XI, LP, Woodmont TCI Group XIII, LP and Woodmont TCI Group XIV, LP ("Confirming Debtors") and

---

[1] The other Debtors in these cases include TCI Woodmont Group III, LP, Woodmont TCI Group IX, LP, Woodmont TCI Group X, LP, Woodmont TCI Group XI, LP, Woodmont TCI Group XII, LP, Woodmont TCI Group XIII, LP, and Woodmont TCI Group XIV, LP.

**ORDER CONFIRMING FIRST AMENDED**
**JOINT PLAN OF REORGANIZATION – PAGE 1**

Transcontinental Realty Advisors, Inc. ("TCI", together with the Confirming Debtors, "Plan Proponents"). Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to such terms in the Amended Joint Plan, or, if not defined therein, as defined by the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq*., the "Bankruptcy Code"). Based upon the pleadings and other matters of record in these jointly administered cases, the evidence presented at the confirmation hearing, and the arguments of counsel for the respective parties, the Court finds and concludes that the Amended Joint Plan satisfies the requirements of Section 1129 of the Bankruptcy Code and should be approved and confirmed in these cases as to each of the Confirming Debtors and, in addition to any findings and conclusions announced on the record at the conclusion of the confirmation hearing, makes the following additional findings and conclusions in support of such confirmation.

## FINDINGS AND CONCLUSIONS

1.      Confirming Debtors each commenced their respective Chapter 11 bankruptcy case on June 30, 2009, by filing voluntary petitions in this Court. Confirming Debtors have remained in possession of their respective properties and have managed their respective financial affairs as debtors in possession since such petition date.

2.      The Chapter 11 cases of the Confirming Debtors have been jointly administered pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure since August 25, 2009.

3.      October 28, 2009, was established as the bar date for filing proofs of claim in these Chapter 11 cases.

4.      On September 28, 2009, TCI, Confirming Debtors, and Woodmont TCI Group VIII, LP, TCI Woodmont Group III, LP, and Woodmont TCI Group XII, LP (the "Deferred Confirmation Proponents") filed Debtors' and TCI's Joint Plan of Reorganization (Dated

September 28, 2009) (the "Initial Plan") providing treatment to the creditors, equity security holders, and other parties in interest in these cases.

5. On September 30, 2009, Plan Proponents and the Deferred Confirmation Proponents filed an initial Disclosure Statement under Section 1121 of the Bankruptcy Code in connection with the Initial Plan. That disclosure statement was subsequently amended by the First Amended Disclosure Statement Under 11 U.S.C. § 1125 dated November 5, 2009 filed by such parties. On October 29, 2009, after proper notice and hearing, the Court approved such First Amended Disclosure Statement and authorized Plan Proponents and the Deferred Confirmation Proponents to solicit votes with respect to the Initial Plan.

6. The Initial Plan, First Amended Disclosure Statement, Order Approving Debtors' First Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, Combined With Notice Thereof, and a ballot for solicitation of votes were mailed to all creditors and parties in interest entitled to such documents more than 25 days prior to the initially scheduled confirmation hearing on December 7, 2009, in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

7. All creditors, equity security holders, and other parties in interest received due and appropriate notice of (a) the Initial Plan, (b) First Amended Disclosure Statement, (c) the time within which ballots must have been received by Debtors, (d) the time within which objections to confirmation must be filed, and (e) the confirmation hearing.

8. The confirmation hearing originally scheduled for December 7, 2009, was continued to December 21, 2009, by agreement of the Debtors and their principal secured creditors to provide such parties additional time in which to negotiate acceptable treatment under the plan, attempt to reach consensus thereon, and to avoid contested confirmation hearings as to

such creditors. The notice of the rescheduled confirmation hearing filed by the Debtors advised all parties that the original December 3, 2009 deadline for objecting to confirmation of the Initial Plan was extended to December 18, 2009.

9. Following solicitation of votes on the Initial Plan, Debtors negotiated acceptable treatment with the taxing authorities and their most significant secured creditors, First Bank, Park Cities Bank, First United Bank and Trust Company, and RMR Investments. On December 21, 2009, Plan Proponents filed Debtors' and TCI's First Amended Joint Plan of Reorganization (Dated as of December 21, 2009) modifying the Initial Plan to provide for treatment acceptable to the taxing authorities, First Bank, First United Bank and Trust Company, and RMR Investments. The Initial Plan has not yet been modified as to the claims of Park Cities Bank because such creditor is still conducting due diligence as to the proposed modified treatment that it would receive and find acceptable under a modified plan. Accordingly, at the confirmation hearing, Deferred Confirmation Proponents did not seek or proceed with confirmation of any plan of reorganization in their three cases (Case Nos. 09-34046-hdh-11; 09-34076-hdh-11; or 09-34089-hdh-11) although those Debtors anticipate confirming the Amended Joint Plan (as further modified as to the treatment for Park Cities Bank) in those three cases at a subsequent confirmation hearing.

10. Three objections to confirmation were timely filed by creditors of the Debtor Plan Proponents. The objection to confirmation filed by RMR Investments was withdrawn at or prior to the confirmation hearing due to the modified treatment provided to RMR Investments under the Amended Joint Plan. The City of Dallas objected to confirmation of the Amended Joint Plan as to Woodmont TCI Group IX, LP and Woodmont TCI Group XIV, LP. The City of Dallas is not a party in interest in the Chapter 11 cases of Woodmont TCI Group X, LP, Woodmont TCI

Group XI, LP, or Woodmont TCI Group XIII, LP and therefore the objection filed by the City of Dallas does not apply to those three cases.

11.   At the confirmation hearing, the Court considered the objections filed by the City of Dallas and any evidence presented by the City of Dallas in support of such objections and finds and concludes that those objections should be overruled and denied. Although it overruled the objections of the City of Dallas, the Court did not determine or adjudicate any issue as to whether the City of Dallas has timely filed proofs of claim in these cases.

12.   The modifications and amendments made to the Initial Plan and contained in the Amended Joint Plan were made pursuant to Section 1127 of the Bankruptcy Code. The Amended Joint Plan meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code. The amendments and modifications made by the Amended Joint Plan only change the treatment provided to certain secured creditors who actively negotiated and agreed to such changes. None of the modifications or amendments made to the Initial Plan by the Amended Joint Plan changes, alters, or materially or adversely affects any unsecured creditor or other classes created by the Initial Plan or the rights of any creditors voting for the Initial Plan. The Amended Joint Plan does not change any classifications established by the Initial Plan and does not alter, modify, or change any treatment provided to any creditor or interest holder other than each specific secured creditor agreeing to such change, amendment, and modification. Consequently, the Amended Joint Plan does not require any re-solicitation of votes from any creditor or party in interest and Plan Proponents have complied with Section 1125 of the Bankruptcy Code with respect to the Amended Joint Plan and creditors voting to accept the Initial Plan are deemed to have accepted the Amended Joint Plan under Section 1127(d) of the Bankruptcy Code.

13.   Plan Proponents have filed a ballot summary and tabulation, together with copies

of the ballots received from voting creditors and equity security holders, reflecting the results of voting on the Initial Plan.

14.     Prior to the confirmation hearing, RMR Investments, One Realco Corporation (as successor to West Orient Investments, Inc.), and First United Bank and Trust Company filed a motion seeking leave to change or amend their respective ballots to vote in favor of and to accept the Amended Joint Plan. There were no objections to such motion and the Court granted those creditors leave to change or amend their votes. Of the classes entitled to vote on the Initial Plan, other than Classes 10 and 11 in which the disputed and contested claims of the City of Dallas were placed, all classes established by the Amended Joint Plan, including Class 12, consisting of the voluntarily subordinated claims of the Class A Partners of the Confirming Debtors, and Class 13, consisting of the equity security interests of the Class A Partners, Class B Partners, and General Partners of each Debtor Proponent, voted to accept the Plan in excess of the requisite amounts and percentages required by Section 1126 of the Bankruptcy Code.

15.     The Amended Joint Plan meets all requirements of Sections 1122 and 1123 of the Bankruptcy Code.

16.     The First Amended Disclosure Statement contains adequate information as to both the Initial Plan and the Amended Joint Plan.

17.     The Amended Joint Plan complies with all relevant provisions of Section 1129 of the Bankruptcy Code.

18.     The Court reserves the right to make further findings of fact and conclusions of law, or to amend any of the foregoing findings and conclusions, as the Court deems necessary or appropriate.

Therefore, based upon the foregoing findings and conclusions, it is hereby ORDERED THAT:

A. The Amended Joint Plan is hereby confirmed in all respects as to the Debtors, creditors, and other parties in interest in the following five jointly administered Chapter 11 Cases:  *In re Woodmont TCI Group IX, LP* (No. 09-34083-hdh-11); *In re Woodmont TCI Group X, LP* (No. 09-34084-hdh-11); *In re Woodmont TCI Group XI, LP* (No. 09-34087-hdh-11); *In re Woodmont TCI Group XIII, LP* (No. 09-34093-hdh-11 ); and *Woodmont TCI Group XIV, LP* (No. 09-34094-hdh-11);

B. Confirmation of the Amended Joint Plan shall be deferred as to the Debtors, creditors, and parties in interest in the following three Chapter 11 cases:  *In re TCI Woodmont Group III, LP* (No. 09-34076-hdh-11); *Woodmont TCI Group VIII, LP* (No. 09-34046-hdh-11); and *Woodmont TCI Group XII, LP* (No. 09-34089-hdh-11) and nothing in this Order shall be deemed or construed to constitute confirmation of the Amended Joint Plan as to such Debtors or to prejudice or preclude any objection that may be filed by Park Cities Bank as to the Amended Joint Plan or any related matter;

C. Pursuant to Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately upon entry as to Woodmont TCI Group X, LP, Woodmont TCI Group XI, LP, and Woodmont TCI Group XIII, LP and shall not be stayed as to such Confirming Debtors and such Confirming Debtors may make any payments or distributions to First United Bank and Trust Company required by the Amended Joint Plan prior to December 31, 2009, regardless of whether ten (10) days have elapsed since entry of this Order;

D. Any objections to the Amended Joint Plan that have not been withdrawn, waived, or cured by any provision of this Order, including, without limitation, the objections filed by the City of Dallas in Case No. 09-34083-hdh-11 (*In re Woodmont TCI Group IX, LP*) and 09-34094-hdh-11 (*In re Woodmont TCI* Group *XIV, LP*), are hereby overruled and denied;

E. The Reorganized Debtors are appointed as the representatives of the estates of the Confirming Debtors pursuant to Section 1123(b)(3) of the Bankruptcy Code to pursue any claims or causes of action of the Confirming Debtors, including any avoidance actions under Chapter 5 of the Bankruptcy Code;

F. The Confirming Debtors and the Reorganized Debtors and their respective directors, officers, partners, members, agents, and representatives are hereby authorized, empowered, and directed, pursuant to Section 1142(b) of the Bankruptcy Code, to execute and deliver such documents and instruments as are necessary or appropriate to effectuate or consummate the Amended Joint Plan;

G. The provisions of the Amended Joint Plan and this Order shall be binding upon all parties in interest, including the Confirming Debtors, the Reorganized Debtors, TCI,

all holders of Claims against Confirming Debtors, all holders of Equity Interests in Confirming Debtors, any person or entity making an appearance in the Chapter 11 cases of the Confirming Debtors, and any other persons or entities affected thereby, and their respective heirs, successors, assigns, subsidiaries, trustees, affiliates, officers, directors, shareholders, partners, members, agents, employees, beneficiaries, guardians, representatives, and similar persons claiming by, through, or in the right of such parties, regardless of whether such parties are impaired under the Amended Joint Plan or have accepted such Amended Joint Plan;

H. The Court shall retain jurisdiction over the Chapter 11 cases of the Confirming Debtors and related matters, proceedings, and issues as set forth in the Amended Joint Plan and the Bankruptcy Code;

I. This Order is hereby declared to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications, or other supporting documents;

J. Each and every federal, state, commonwealth, local, foreign, or other governmental authority, agency, or department is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate to effectuate, implement, or consummate the transactions contemplated by the Amended Joint Plan and this Order;

K. Within ten (10) days after entry of this Order the Confirming Debtors shall mail or cause to be mailed notice of the entry of this Order to all Creditors who have filed a proof of claim in this case as of the Bar Date, parties who have filed a Notice of Appearance in these cases, parties to any rejected leases or executory contracts, and all other parties listed on the mailing matrix created in these cases;

L. Each professional person whose retention with respect to the Confirming Debtors' Chapter 11 cases has been approved by the Bankruptcy Court or who holds or asserts an administrative Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled thereto or such claim shall be forever barred;

M. Any person or entity who claims to hold an Administrative Claim (other than a Fee Claim or Administrative Tax Claim) as to Confirming Debtors is required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled thereto or such claim shall be forever barred;

N. The rights of the members of all classes of Claims against or Interests in the Confirming Debtors under the Amended Joint Plan, including, without limitation, the right to receive distributions on account of such Claims or Interests, hereinafter shall be limited solely to the right to receive such distributions as provided by the Amended Joint Plan;

O.  No transfer of a Claim or Interest made on or after the Effective Date shall be effective unless evidenced by a notice of same executed by both transferor and transferee which is filed with the Bankruptcy Court and served on the applicable Confirming Debtor;

P.  Nothing in this Order or the Amended Joint Plan shall be deemed to limit, impair, or adversely affect the exercise of any police powers of the City of Dallas in respect of the properties owned by Woodmont TCI Group IX, LP or Woodmont TCI Group XIV, LP.

Q.  Nothing in this Order shall be deemed to discharge, release, waive, or impair any claims that any person or entity may have or possess against TCI, any General Partner of any Confirming Debtor, or any other person or entity on account of such creditors' claims;

R.  The Amended Joint Plan is further modified and amended by this Order to provide that: (i) All references in the Amended Joint Plan to "First United Bank" shall mean and refer to First United Bank and Trust Company, and (ii) the date at the end of the last sentence of the second paragraph on Page 23 of the Amended Joint Plan (relating to treatment provided to RMR Investments) shall be "March 1, 2011" instead of "March 1, 2010".

S.  Except as otherwise provided in the Amended Joint Plan, Confirmation of the Amended Joint Plan shall vest all of the property of the Confirming Debtors in the Reorganized Debtors, free and clear of all claims, liens, and encumbrances, and interests of any person or governmental unit, as of the Effective Date;

T.  If any provision of this Order is determined to be invalid or ineffective or reversed on any appeal, such determination shall not affect any other provision hereof and the remaining provisions of this Order shall remain valid and in full force and effect.

# # # END OF ORDER # # #